## 11812

### McCALL CO. v. SURASKY

(128 S. E., 849)

1. EVIDENCE—EXCLUSION OF TESTIMONY AS TO STATEMENTS MADE BY SELLER'S AGENT NOT IN DEFENDANT'S PRESENCE HELD NOT ERROR.— In action on contract for patterns sold, it was not error to exclude testimony of particular witness as to statements made by plaintiff's agent, not in defendant's presence, while attempting to place elsewhere the agency terminated between plaintiff and defendant.

2. APPEAL AND ERROR—INSTRUCTION THAT CONTRACT SUED UPON COULD NOT BE CHANGED HELD NOT REVERSIBLE ERROR, THOUGH THERE WAS NO SHOWING OF ATTEMPTED CHANGE.—In action on contract for goods sold, instruction that contract could not be changed *held* not reversible error, though there had been no attempt to change contract shown, and where, taking charge as a whole, it was free from error.

3. APPEAL AND ERROR—DENIAL OF REQUESTED INSTRUCTIONS AS TO PURCHASER'S RIGHT TO RETURN GOODS FOR CREDIT OTHERWISE THAN PROVIDED IN CONTRACT HELD NOT ERROR.—In action for purchase price of patterns sold under contract which entitled purchaser within ninety days after termination of contract to return $100 worth of patterns for credit, denial of requested instructions affecting extensions of time for such return and agreement for return of more than $100 worth of patterns *held* not error, in view that jury by verdict gave appellant credit for more than contract provisions warranted.

Before HENRY, J., Aiken, November, 1924. Affirmed.

Action by the McCall Company against B. M. Surasky. Judgment for plaintiff and defendant appeals.

*Messrs. Williams, Croft & Busbee,* for appellant, cite: *Declarations against interest:* 10 R. C. L., 959. *Declarations of agent part of res gestae:* 10 R. C. L., 989. *Agent*

*acting within scope of his agency:*   47 S. C., 139; 105 S. C., 305.

*Mr. R. L. Gunter,* for respondent, cites:   *Charge to be taken as a whole:*   90 S. C., 262; 70 S. C., 490; 69 S. C., 360; 68 S. C., 53.   *Contract changed by agent with authority:*   128 S. C., 79; 123 S. E., 559; 84 S. C., 410; 6 R. C. L., 914; 21 R. C. L., 853.   *Burden of proving agency:*   21 R. C. L., 858.

July 30, 1925.

The opinion of the Court was delivered by Mr. Justice Watts.

This was an action on contract for goods sold, commenced in 1923, and was tried at Aiken, S. C., before his Honor, J. K. Henry, and a jury, at the November term, 1924, Court of Common Pleas of Aiken County, in which a verdict was rendered on November 18, 1924, for the plaintiff, in the sum of $193.71."

The exceptions are:

"(1) It is respectfully submitted that his Honor erred in refusing to allow the witness Ernest McCreary to testify on behalf of the defendant as to the declarations and admissions made by plaintiff's agent at the time when adjustment was had between defendant and plaintiff's agent; the error being said declarations and admissions are part of the *res gestæ* and a part of the same transaction which terminated and settled the dispute between the parties, and therefore competent and binding upon the plaintiff.

"(2) It is respectfully submitted that his Honor erred in charging the jury as follows:   'This contract cannot be changed—nobody can change it except the principals to it, and it cannot be changed by verbal means.'   The error being, the charge was misleading and inapplicable for the reason there was no attempt made by the defendant to change or alter the contract; but, on the contrary, the

transaction consisted solely of an adjustment of the amount due under the contract.

"(3) It is respectfully submitted that his Honor erred in refusing to charge the defendant's request as follows: "The jury is charged that if they find that the agent of the plaintiff, while acting in the apparent authority, came to the defendant's place of business and agreed that the defendant could return the patterns in question in settlement .of the account, such agreement is binding on the plaintiff, and if you find that the defendant in fact did return patterns enough to pay the debt, and that it was so agreed with plaintiff's agent, then your verdict should be for defendant.' The error being such request is a sound, fundamental principle of law and applicable to the issues in this case, and furthermore it appearing affirmatively in writing that the agent was authorized to make settlement.

"(4) It is respectfully submitted that his Honor erred in refusing to charge the defendant's third request, as follows: 'The jury is further charged that the provisions in the contract, requiring the defendant to return the patterns within ninety days after the expiration of the three months' notice, will not apply in this case if you find that the plaintiff, or one of his authorized agents, extended the time, or acted in such manner. as to induce the defendant to postpone or delay the return of the patterns.' The error being such charge is a sound proposition of law and is applicable to the facts and issues in this case."

Exception 1 must be overruled; the agent of the respondent went to Aiken to adjust the matter in controversy with the appellant; the witness McCreary had a conversation with the agent of the company in his store, and not in the presence of the appellant; he was attempting to place the agency terminated between the appellant and the respondent with some one else, and the appellant and his son both testified that the agent of the appellant had tried to place the agency with McCreary and others.

The jury had everything before them that McCreary could have testified to. Patterns bought under the contract, reported semiannually in January and July as discarded, might be returned during that January or February, or that July or August only, in exchange for any patterns which may be shipped. All goods bought were to be paid for on or before the 15th of the month succeeding the date of the shipment under the contract; the standing credit may be liquidated by delivery to the plaintiff's New York office, within 30 days after the expiration and fulfillment of this agreement, of a sufficient quantity of patterns bought hereunder to liquidate the standing credit.

Notice was given by the appellant to terminate the contract on October 28, 1920, which notice terminated the contract three months thereafter, or on January 28, 1921. Under the contract the appellant had the right to ship back only $100 worth of patterns to cancel the standing credit, if they were shipped within 30 days after January 28, 1921. By testimony of the appellant, the patterns were not shipped within 30 days, whether shipped on April 23, 1921, or in June or July, 1921. There is nothing to show that the agent went to Aiken for any other purpose than to adjust the matter in dispute.

Exception 2 is overruled. The charge taken as a whole, as it must be, is free from error; even if a slight mistake was made by his Honor, it was harmless and not prejudicial to the appellant.

We see no error on the part of his Honor as made by exceptions 3 and 4, because under the contract the appellant only had the right to return $100 worth of the patterns to cancel the standing credit for that amount, and the jury gave him credit for more than that amount by their verdict; the admitted indebtedness being $372, the amount of the verdict being $193.70, thereby allowing a credit of $178.29.

All of the exceptions are overruled, and judgment affirmed.

Mr. Chief Justice Gary and Messrs: Justices Cothran, Marion and Mr. Acting Associate Justice R. O. Purdy concur.